W. PINCUS, *Plaintiff in Error*, v. MEMPHIS FURNITURE MFG. COMPANY, a Corporation, *Defendant in Error*.

Division B.

Opinion filed March 26, 1930.

L. W. *Nelson*, for Plaintiff in Error;

*F. J. Heintz*, for Defendant in Error.

BUFORD, J.—This was a suit against a guarantor to enforce the payment for certain merchandise shipped by the plaintiff to Pincus Furniture Company, Inc. The obligation of the guarantor was in the following language:

"St. Augustine, Fla.
August 21st, 1926.
Memphis Furniture Mfg. Co.,
Memphis, Tenn.
Gentlemen:—

For one dollar and other valuable considerations, I, the undersigned, guarantee the payment of all goods shipped to the Pincus Furniture Co., Inc., St. Augustine, Fla., by you during the remainder of the year Nineteen Hundred and Twenty-six (1926) to an amount not exceeding Thirty-five Hundred Dollars ($3,500.00).

After the payment of these goods shipped during the period above mentioned, this guarantee should automatically become null and void, and be returned to the undersigned said guarantor.

Signed this 21st day of August, A. D. 1926.
W. PINCUS,
Witness M. I. PINCUS."

The declaration, after alleging the execution of the guarantee by the defendant, further alleges:

"The plaintiff, confiding in the said premises and undertaking of the defendant, did afterwards, during the remainder of the year 1926, between August 21st, 1926, and December 31st, 1926, sell and deliver to the said Pincus Furniture Co., Inc., at and for certain reasonable prices then agreed upon by plaintiff and the

said Pincus Furniture Co., Inc., goods, wares and merchandise amounting to the sum of Five Thousand, Eight Hundred Forty-seven and 77-100 Dollars ($5847.77) ; and plaintiff further says that the Pincus Furniture Co., Inc., has paid on said account the sum of $1929.85, leaving a balance due and unpaid to plaintiff of May 30th, 1927, of $3917.92 ; and although payment was thereupon, and had been for some time prior thereto, demanded of the said Pincus Furniture Co., Inc., the said Pincus Furniture Co., Inc., has not paid the said sum of money or any part thereof, except the sum of $50.00, but refuses so to do, of all of which said premises the said defendant has had frequent notice.''

There were a number of pleas and replications, all of which it is unnecessary for us to discuss here.

The plaintiff is bound by its declaration.

The declaration on its face shows that the plaintiff had sold to Pincus Furniture Company, Inc., goods aggregating the value of $5847.77, which was $2347.77 in excess of the amount for which the guarantor, the defendant in the court below, guaranteed the payment. The declaration shows that Pincus Furniture Company, Inc., paid to the plaintiff $1929.85 plus $50.00, which leaves the amount of $1520.15 unpaid of the amount which was guaranteed by the defendant. The declaration further alleges that the defendant had paid $50.00 in addition to what had been paid, which left a balance of $1470.15 unpaid of the amount for which this defendant had guaranteed the payment. Therefore, the most that the plaintiff was entitled to recover under the allegations of his declaration was $1470.15 and the evidence shows, according to the record submitted here, that $50.00 additional of that sum had been paid by the defendant, which left at the time of the trial $1420.15 for which the defendant was liable under his guarantee.

It will be observed that the guarantee did not obligate W. Pincus to pay $3500.00 or any amount up to $3500.00 which might be found to be due from Pincus Furniture Co., Inc., to the plaintiff at any time during the year 1926 for furniture sold to Pincus Furniture Co., Inc., but it guaranteed that Pincus Furniture Co., Inc., would pay for furniture purchased during that year up to the amount of $3500.00 and no more, and when Pincus Furniture Co., Inc., paid the sum of money above stated it reduced the guarantee of the guarantor to that extent. See Alford v. Leonard, 88 Fla. 532; 102 So. R. 885.

For the reasons stated, the judgment was excessive in the sum of $1979.85.

If the plaintiff in the court below within ten days after the filing of the mandate in this cause shall enter a remittitur in the court below in the sum of $1979.85 the judgment for the remainder of $1420.15 will stand affirmed with interest thereon from the date of the original judgment, and costs. Otherwise, the judgment will be reversed. It is so ordered.

Affirmed on condition of remittitur.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., dissents.

ELLIS, J., dissenting:

The guarantor did not limit the amount of credit which the plaintiff could extend to the principal debtor, therefore the guarantor was not released by the creditor extending a greater credit to the principal debtor than the amount for

654

which the defendant became guarantor. The doctrine of the application of payments does not require in the absence of application being made by creditor or debtor at time of payment that the payments should be applied to that part of the debt which was secured. Alford-Leonard case, 88 Fla. 532, not in point.